[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Willie Smith appeals the judgment of the trial court adjudicating him a sexual predator pursuant to R.C. 2950.09. For the reasons that follow, we affirm the decision of the trial court.
On February 23, 1994, Willie Smith entered a guilty plea to two counts of rape in violation of R.C. 2907.02. Smith was sentenced to seven to twenty-five years' incarceration on each count, with the terms to run concurrently. On December 30, 1998, Smith was again brought before the trial court for a sexual-predator hearing pursuant to R.C. 2950.09. After the hearing, the trial court found Smith to be a sexual predator within the meaning of the statute. This appeal followed.
In his first assignment of error, Smith contends that the sexual-predator statute violates the Ex Post Facto Clause of the United States Constitution and the retroactive-laws prohibition of the Ohio Constitution. Such an argument was rejected by the Supreme Court of Ohio in State v. Cook (1998),83 Ohio St.3d 404, 700 N.E.2d 570, certiorari denied sub nom. Cook v.Ohio (1999), ___ U.S. ___, 119 S.Ct. 1122. See, also, State v.Lance (Feb. 13, 1998), Hamilton App. Nos. C-970301, C-970282, and C-970283, unreported.
In his second and third assignments of error, Smith contends that the sexual-predator statute violates the Double Jeopardy Clause of the United States Constitution and the constitutional prohibition against vague enactments. This court addressed and rejected such arguments in Lance, supra.
In his fourth and final assignment of error, Smith maintains that the trial court's finding that he is a sexual predator was contrary to the manifest weight of the evidence. We disagree.
As we stated in Lance, proceedings under R.C. 2950.09 are civil in nature and require the prosecutor to prove by clear and convincing evidence that an offender is a sexual predator. See Lance,supra. The weight of the evidence is a matter for the trial court to decide, and when that determination is supported by competent evidence, this court will not disturb the trial court's conclusion. See State v. DeHass (1967), 10 Ohio St.2d 230,227 N.E.2d 212; C.E. Morris Co. v. Foley Constr. Co. (1978),54 Ohio St.2d 279, 376 N.E.2d 578, unreported.
R.C. 2950.09(B)(2) enumerates the factors that a trial court must consider in determining whether an offender should be classified as a sexual predator. The statute provides:
 In making a determination under divisions (B)(1) and (3) of this section as to whether an offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
___________ (a)_______ The offender's age;
 ___________ (b)_______ The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 ___________ (c)_______ The age of the victim of the sexually oriented offense for which the sentence is to be imposed;
 ___________ (d)_______ Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 ___________ (e)_______ Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 ___________ (f)________ If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 ___________ (g)_______ Any mental illness or mental disability of the offender;
 ___________ (h)_______ The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 ___________ (i)________ Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 ___________ (j)________ Any additional behavioral characteristics that contribute to the offender's conduct.
In this case, we cannot conclude that the trial court's finding was contrary to the weight of the evidence. The trial court had before it the presentence-investigation report that included Smith's criminal history, the victim-impact statement, statements from the arresting officers, the police investigative report regarding the offense, and Smith's records from the correctional institution. In addition, the court heard testimony from Smith and arguments from the prosecuting attorney and Smith's counsel.
The record of the hearing indicates that Smith abducted a 14-year-old Norwood girl, threatening to kill her if she did not go with him. Smith took the child to a garage where he sexually assaulted the child for approximately two hours. Smith punched the child in the chest and stomach and told her to "suck his dick." When the child refused, Smith struck the child and placed his hands around her neck and choked her. Smith forced the child to engage in fellatio. Then Smith beat the child's hands with a stick until she gave him the rings she was wearing. Smith threatened to handcuff the child to a tree and let his friends have her.
At one point, Smith forced the child to pull her pants down to her ankles so she could not run. Then Smith forced the child to engage in fellatio again, and struck her in the face. Smith anally raped the child repeatedly. At the end of the attack, Smith took the child's money and her watch and released her. Smith threatened to beat the child to death if she told anyone.
At the time of the offense, Smith was 40 years old. Smith's criminal history dated from 1975 and included a prior prison commitment for drug abuse. Smith had also served six months' incarceration for a probation violation. Though Smith testified that he had engaged in counseling, we hold that the trial court had sufficient information before it to declare that Smith is a sexual predator.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Sundermann and Winkler, JJ.
 To the Clerk:
per order of the Court _______________________________.
_______________________________________________ Presiding Judge